UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN CLARK | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:14-cv-1546 |
| | ) |
| THE HUNTINGTON NATIONAL BANK a/k/a | ) |
| HUNTINGTON BANK | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## COMPLAINT – WITH JURY DEMAND

Plaintiff Karen Clark, by counsel, for her Complaint against Defendant The Huntington National Bank a/k/a Huntington Bank, states as follows:

### JURISDICTION AND VENUE

1. This suit is brought under the Family Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601 et seq.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 26 U.S.C. § 2617(a)(2).

3. All acts alleged herein were committed within the Southern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff Karen Clark ("Clark") is a citizen of the United States and the State of Indiana, and at all relevant times has been a resident of Marion County, Indiana.

5. At all times relevant to this Complaint, Clark was an "eligible employee" of The Huntington National Bank a/k/a Huntington Bank ("Huntington") within the meaning of the FMLA, 29 U.S.C. § 2611(2).

6. Defendant Huntington is a for-profit foreign corporation which conducts business within the territorial jurisdiction of this Court from its branch located at 1267 Emerson Avenue, Greenwood, Indiana, 46143.

7. Huntington employs more than fifty (50) employees and is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

## FACTS

8. Karen Clark began working at Union Federal Bank of Indianapolis as a teller in 2000.

9. Defendant Huntington assumed control of Union Federal Bank in approximately 2007 and Clark continued as a senior teller for Huntington throughout the relevant time period.

10. Clark met or exceeded the legitimate expectations of her employer.

11. In early 2013, Clark was treated for pneumonia by her physician, was ill for a period of two weeks, and was absent from work for three days. She was disciplined for this absence.

12. On September 12, 2013, Clark began experiencing acute back pain. At an appointment on September 19, 2013, her doctor ordered an ultrasound.

13. Clark underwent the ultrasound on September 23, 2013.

14. On September 26, 2013, Clark was informed by her doctor that the results of the ultrasound indicated that she needed immediate gall bladder surgery. The doctor instructed Clark to come to a consult with the surgeon on the same day at 1:40 p.m. Clark was scheduled to work that day at 2:00 p.m.

15. Clark reported to work early and informed her supervisor that she would need to leave work for the emergency surgery.

16. Clark explained the details of the gall bladder emergency to her supervisor.

17. She was informed by her manager that she would be written up and possibly terminated for leaving work because she had previously been absent with pneumonia.

18. After she spoke to her immediate supervisor, Clark reported to the branch manager, Bryan Burrell, that she needed emergency surgery.

19. Burrell reported to her that Huntington did not have the coverage to accommodate her and that she would be written up and terminated if she left.

20. Clark left the branch to get the consultation for the emergency surgery and called Huntington's Human Resources Department phone line to explain that she had to leave work due to an emergency medical situation.

21. On the call with Huntington's Human Resources Department, she spoke to an employee named Evan in employee relations who informed her that she was not going to be given leave but instead Huntington considered her to have quit and that she was not rehireable.

## COUNT I - VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

22. All preceding paragraphs are incorporated herein by reference.

23. At all relevant times, Clark suffered from a "serious health condition" within the meaning of the FMLA, 29 U.S.C. § 2611(11).

24. At all relevant times, Huntington employed a "no-fault" attendance policy.

25. In January/February 2013, Clark took a leave that should have been FMLA eligible. She was disciplined for taking this leave.

26. In September 2013, Clark was eligible for FMLA leave, which was denied.

27. The FMLA prohibits employers from interfering with, restraining or denying the exercise of or the attempt to exercise, any right provided by the FMLA.

28. Huntington willfully and intentionally interfered with, restrained and/or denied Clark's attempt to exercise her right to FMLA leave by refusing to allow her to take leave and informing her that they considered her to have quit for taking leave on September 26, 2013.

**WHEREFORE**, Plaintiff Karen Clark prays for the judgment of this Court against Defendant Huntington Bancshares, Inc., as follows:

A. An award of back pay with prejudgment interest for the salary and other employment benefits and opportunities that the Plaintiff has lost as a result of the Plaintiff's termination from employment with the Defendant.

B. Compensatory damages in an amount to be determined by a jury to compensate Plaintiff for her losses due to Defendant's discriminatory conduct.

C. Liquidated damages in an amount equal to Plaintiff's lost earnings and benefits because Defendant's violation of the FMLA was willful.

D. An order directing the Defendant to reinstate the Plaintiff.

E. In the event the Court determines that it would be inappropriate to direct the reinstatement of the Plaintiff as an employee of the Defendant, an award of front pay and damages to compensate the Plaintiff for the losses that she reasonably will sustain as the result of being denied continued employment with the Defendant.

F.	An award of attorneys fees and costs.

G.	Such other relief as may be just and proper.

Respectfully submitted,

**MACEY SWANSON AND ALLMAN**

/s/Jeffrey A. Macey
Jeffrey A. Macey, Atty No. 28378-49
Attorneys for Plaintiff Karen Clark

**MACEY SWANSON AND ALLMAN**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: jmacey@maceylaw.com

## JURY DEMAND

Now comes the Plaintiff, by counsel, and demands that this cause be tried to a jury on all issues so triable.

Respectfully submitted,

**MACEY SWANSON AND ALLMAN**

/s/Jeffrey A. Macey
Jeffrey A. Macey, Atty No. 28378-49
Attorneys for Plaintiff Karen Clark

**MACEY SWANSON AND ALLMAN**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: jmacey@maceylaw.com