UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:14-cv-1546- TWP-DKL |
| | ) |
| THE HUNTINGTON NATIONAL BANK a/k/a | ) |
| HUNTINGTON BANK, | ) |
| | ) |
| Defendant. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Defendant The Huntington National Bank a/k/a Huntington Bank ("Defendant"), by counsel, for its Answer and Affirmative Defenses to Plaintiff's Complaint states as follows:

**JURISDICTION AND VENUE**

1. Rhetorical paragraph 1 of Plaintiff's Complaint contains no factual allegations which can either be admitted or denied.

2. Defendant admits jurisdiction is proper.

3. Defendant denies the acts alleged in Plaintiff's Complaint but admits venue is proper.

**PARTIES**

4. Defendant is without sufficient knowledge to either admit or deny the allegations contained in rhetorical paragraph 4 of Plaintiff's Complaint and, therefore, denies same.

5. Defendant admits the allegations contained in rhetorical paragraph 5 of Plaintiff's Complaint.

6.      Defendant admits the allegations contained in rhetorical paragraph 6 of Plaintiff's Complaint.

7.      Defendant admits the allegations contained in rhetorical paragraph 7 of Plaintiff's Complaint.

**FACTS**

8.      Defendant admits the allegations contained in rhetorical paragraph 8 of Plaintiff's Complaint.

9.      Defendant admits Sky Bank acquired Union Federal Bank in 2006 and Huntington Bank acquired Sky Bank in 2007, and admits the remaining allegations contained in rhetorical paragraph 9 of Plaintiff's Complaint.

10.     Defendant denies the material allegations contained in rhetorical paragraph 10 of Plaintiff's Complaint.

11.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in rhetorical paragraph 11 of Plaintiff's Complaint and, therefore, denies same.

12.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in rhetorical paragraph 12 of Plaintiff's Complaint and, therefore, denies same.

13.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in rhetorical paragraph 13 of Plaintiff's Complaint and, therefore, denies same.

14.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in rhetorical paragraph 14 of Plaintiff's Complaint and, therefore, denies same.

15.     Defendant denies the material allegations contained in rhetorical paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the material allegations contained in rhetorical paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the material allegations contained in rhetorical paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the material allegations contained in rhetorical paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the material allegations contained in rhetorical paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the material allegations contained in rhetorical paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the material allegations contained in rhetorical paragraph 21 of Plaintiff's Complaint.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

22. Defendant incorporates by reference its answers and responses to rhetorical paragraphs 1 through 21 in response to paragraph 22 of Count I of Plaintiff's Complaint.

23. Defendant is without sufficient knowledge to either admit or deny the allegations contained in rhetorical paragraph 23 of Plaintiff's Complaint and, therefore, denies same.

24. Defendant denies the material allegations contained in rhetorical paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the material allegations contained in rhetorical paragraph 25 of Plaintiff's Complaint.

26. Defendant denies Plaintiff was denied leave, but is without sufficient knowledge to either admit or deny the remaining allegations contained in rhetorical paragraph 26 of Plaintiff's Complaint and, therefore, denies same.

27. Rhetorical paragraph 27 of Plaintiff's Complaint improperly states a legal conclusion and does not contain any factual allegation that can either be admitted or denied.

28. Defendant denies the material allegations contained in rhetorical paragraph 28 of Plaintiff's Complaint.

WHEREFORE, Defendant The Huntington National Bank a/k/a Huntington Bank, by counsel, prays Plaintiff take nothing by way of her Complaint, for costs of this action and for all other just and proper relief in the premises.

**LEWIS WAGNER LLP**

By: s\ STEPHANIE L. CASSMAN
STEPHANIE L. CASSMAN, #22206-49
THERESA R. PARISH, #27996-49
Counsel for Defendant

### AFFIRMATIVE DEFENSES

Defendant The Huntington National Bank a/k/a Huntington Bank ("Defendant"), by counsel, states the following Affirmative Defenses to Plaintiff's Complaint:

1. Plaintiff's claims are barred, in whole or in part, to the extent she fails to state a claim upon which relief can be granted.

2. Defendant at all times exercised good faith in its employment practices.

3. Defendant had legitimate, non-discriminatory and non-retaliatory business reasons for all decisions involving Plaintiff's employment.

4. Defendant did not interfere with Plaintiff's rights under FMLA.

5. To the extent Plaintiff failed to diligently seek other employment, her alleged right to recover is barred in whole or in part by her failure to mitigate any alleged damages.

6. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitation and/or the equitable doctrine of laches, and unclean hands.

7. Defendant did not retaliate against Plaintiff for exercising her rights under the FMLA.

8. Plaintiff failed to meet Defendant's expectations at all times during her employment.

9. All actions regarding Plaintiff's employment were taken, made, and done in good faith and in compliance with state and federal laws, with uniform application of Defendant's legitimate and non-discriminatory policies and practices, and were not based on any unlawful consideration or otherwise the result of any unlawful motive.

10. Plaintiff is not entitled to liquidated damages because Defendant has not acted with malice or reckless or wilful disregard of Plaintiff's rights and Defendant has acted at all times with good efforts to comply with all laws.

11. Plaintiff failed to follow Defendant's policies and procedures.

12. Plaintiff's claimed damages resulted from her own conduct and not from any action or inaction of Defendant.

13. Defendant acted within the terms and conditions of its written policies and procedures at all times.

14. Termination of Plaintiff's employment was unrelated to FMLA; therefore, Plaintiff has no right to reinstatement.

15. Any actions on the part of Defendant were job-related and consistent with business necessity and neither malicious nor wilful.

16. Subject to an opportunity for investigation and discovery, Plaintiff's claims may be limited by the doctrine of after-acquired evidence.

17. Plaintiff's action is frivolous, baseless and without merit and, therefore, Defendant is entitled to recover its costs and attorneys' fees as the prevailing party in this litigation.

18. To the extent Plaintiff's claims are barred by waiver, estoppel, justification, fraud, and/or Plaintiff's own actions, inaction and/or omissions, such doctrines are pled as defenses to Plaintiff's action.

19. Defendant is continuing its investigation and study of all facts and circumstance of the subject matter of Plaintiff's Complaint, and accordingly, reserves the right to amend, modify, revise or supplement its Answer, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of such investigation and study.

WHEREFORE, Defendant The Huntington National Bank a/k/a Huntington Bank, by counsel, prays Plaintiff take nothing by way of her Complaint, for costs of this action and for all other just and proper relief in the premises.

## JURY DEMAND

Defendant The Huntington National Bank a/k/a Huntington Bank, by counsel, pursuant to Rule 38 of the Federal Rules of Civil Procedure, respectfully requests that the above matter be tried by a jury.

**LEWIS WAGNER LLP**

By:    s\ STEPHANIE L. CASSMAN
        STEPHANIE L. CASSMAN, #22206-49
        THERESA R. PARISH, #27996-49
        Counsel for Defendant

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing upon all counsel of record, as follows, via the Court's electronic filing system, this 14th day of November 2014:

Jeffrey A. Macey
MACEY SWANSON & ALLMAN
jmacey@maceylaw.com

        s\ STEPHANIE L. CASSMAN

LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202-6150
Telephone:(317) 237-0500
Facsimile: (317) 630-2790
scassman@lewiswagner.com
tparish@lewiswagner.com