UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN CLARK | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 1:14-cv-1546-TWP-DKL |
| | ) |
| THE HUNTINGTON NATIONAL | ) |
| BANK a/k/a | ) |
| HUNTINGTON BANK | ) |
| | ) |
| Defendant. | ) |

## CASE MANAGEMENT PLAN

I.  **Parties and Representatives**

    A.    Karen Clark, Plaintiff

          The Huntington National Bank, Defendant

    B.    Jeffrey Macey, Counsel for Plaintiff
          MACEY SWANSON AND ALLMAN
          445 N. Pennsylvania Street, Suite 401
          Indianapolis, Indiana 46204
          317-637-2345 (phone)
          317-637-2369 (fax)
          jmacey@maceylaw.com

          Stephanie Cassman
          Nabeela Virjee
          Counsel for Defendant
          Lewis Wagner, LLP
          501 Indiana Avenue, Suite 200
          Indianapolis, Indiana 46202
          317.237.0500 x 282 (phone)
          317.630.2790 (fax)
          scassman@lewiswagner.com
          nvirjee@lewiswagner.com

    Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.     Jurisdiction and Statement of Claims

A.    This case involves a federal question and jurisdiction is proper under 28 U.S.C. § 1331.

B.   Plaintiff, Karen Clark, contends that Defendant willfully and intentionally interfered with, restrained, and/or denied her rights under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. Plaintiff was a 13-year employee of Defendant and its predecessors. In September 2013, she was required to undergo emergency gall bladder surgery. She was informed by her manager that if she left to see her doctor, she could be terminated because she had points accrued due to a previous illness that year. When she left to visit her doctor, she called Defendant's HR phone line to inform Defendant that she was required to leave work due to her medical condition. She was informed by an employee of Defendant that Defendant considered her to have quit her job. By its actions, Defendant willfully and intentionally interfered with, restrained and/or denied Clark's attempt to exercise her right to federally protected FMLA leave by refusing to allow her to take leave and informing her that they considered her to have quit for taking leave.

C.   Defendant, The Huntington National Bank denies that it interfered with Plaintiff's rights under the FMLA or retaliated against Plaintiff for exercising her rights under the FMLA at any time.  Further, Defendant denies that it willfully and intentionally interfered with, restrained and/or denied Plaintiff her rights under the FMLA as alleged by Plaintiff.  Defendant maintains that it had legitimate business reasons for all decisions involving Plaintiff who had been employed with Defendant or its predecessors since 2000 as a bank teller.  During her employment, Plaintiff received Performance Improvement Plans due to attendance issues including but not limited to tardiness and absence with lack of notice resulting in loss of attendance points pursuant to the bank's written policies.  On September 26, 2013, Plaintiff advised that she had a doctor's appointment that day and would be late for work.  Plaintiff's supervisor reminded her that she was on a final written warning for attendance credit issues and that per the bank's policy, she would lose ½ attendance credit if she was 2 hours late.  Plaintiff asked whether she would be docked points if she later had surgery and she was directed to contact HR Employee Consultant Evan Hughes for information.  Plaintiff stated that she quit and threw her keys at her supervisor and walked out.   Plaintiff never requested nor was she denied FMLA leave at any time.  Plaintiff voluntarily terminated her employment with Defendant.

D.   Within 14 days after the non-expert discovery deadline, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b) the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

**III.    Pretrial Pleadings and Disclosures**

   A.   The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before January 23, 2015.

   B.   Plaintiff(s) shall file preliminary witness and exhibit lists on or before February 23, 2015.

   C.   Defendant(s) shall file preliminary witness and exhibit lists on or before March 23, 2015.

   D.   All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before February 23, 2015.

   E.   Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before February 23, 2015. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the demand.

   F.   Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before October 23, 2015. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before 30 days after Plaintiff(s) serves its expert witness disclosure; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before November 23, 2015.

   G.   If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

   H.   Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 60 days before trial. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

   I.   All parties shall file and serve their final witness and exhibit lists on or before November 23, 2015. This list should reflect the specific potential witnesses the

3

party may call at trial.  It is not sufficient for a party to simply incorporate by reference õany witness listed in discoveryö or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.  Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.  The parties do not believe, at this time, that a substantial volume of ESI will be produced in the case. However, the parties agree to the following provisions regarding ESI:

The parties have discussed preservation and disclosure of electronically stored discovery information, including a timetable for making the materials available to the opposing party.

1. Search for Documents. After receiving requests for document production, the parties shall search their documents and produce responsive documents in accordance with the Federal Rules of Civil Procedure. The parties have agreed that the scope of electronically stored discovery information shall be limited to relevant and discoverable emails and other electronic documents that are reasonably accessible. Such emails and all email attachments shall be produced in paper format, and certain other electronic documents which are not attached to emails may be produced in paper format or on either a compact disc or thumb drive in either PDF or TIFF format, if requested in such form. On-site inspections of electronic media under Fed. R. Civ. P. 34(b) shall not be permitted absent exceptional circumstances, where good cause and specific need have been demonstrated.

2. Search Methodology. If the parties intend to employ an electronic search to locate relevant electronic documents, the parties shall disclose any known restrictions as to the scope and method that might affect their ability to conduct a complete electronic search of the electronic documents. Cost allocation will be negotiated should such allocation become necessary in the discretion of either party.

3. Metadata. The parties may request disclosure of metadata where good cause and specific need have been demonstrated.

4. Disclosure of Privileged Information: In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party

4

shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

IV. **Discovery[1] and Dispositive Motions**

A. The Plaintiff does not believe this case is appropriate for summary judgment but reserves the right to file its motion for summary judgment at the same time as its response to Defendant's Motion for Summary Judgment.

Defendant intends to move for summary judgment on Plaintiff's interference and retaliation claims under the FMLA based on the undisputed facts which demonstrate that Plaintiff voluntarily quit her employment with Defendant and did not request nor was she denied FMLA leave at any time.

B. Select the track that best suits this case:

Track 2: Dispositive motions are expected and shall be filed by September 23, 2015; non-expert witness discovery and discovery relating to liability issues shall be completed by July 23, 2015; expert witness discovery and discovery relating to damages shall be completed by January 23, 2016.

<u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V. **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The Plaintiff requests a settlement conference in June 2015.

VI. **Trial Date**

The parties request a trial date in February 2016. The trial is by jury and is anticipated to take 3 days.

---

[1]The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

## VII. Referral to Magistrate Judge

A. **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

   1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

   2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

   3. Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

   4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

      a. brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

      b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

   5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and

        areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

| /s/ Jeffrey A. Macey | /s/ Stephanie Cassman |
|---|---|
| Jeffrey Macey, Counsel for Plaintiff | Stephanie Cassman |
| MACEY SWANSON AND ALLMAN | Counsel for Defendant |
| 445 N. Pennsylvania Street, Suite 401 | Lewis Wagner, LLP |
| Indianapolis, Indiana 46204 | 501 Indiana Avenue, Suite 200 |
| 317-637-2345 (phone) | Indianapolis, Indiana 46202 |
| 317-637-2369 (fax) | 317.237.0500 x 282 (phone) |
| jmacey@maceylaw.com | 317.630.2790 (fax) |
| | scassman@lewiswagner.com |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_\_.M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (\_\_\_\_) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

_____            _____
Date                                                          U. S. District Court
                                                                      Southern District of Indiana